# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:09-CR-161 |
| | § | Judge Folsom/Judge Mazzant |
| CLOVIS PRINCE | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss or Transfer Based Upon Venue (Dkt. #47). On May 20, 2010, the motion was referred to the undersigned for decision. On May 25, 2010, the Court conducted a hearing on the motion. Kirk Lechtenberger appeared for Defendant and Randall Blake appeared for the Government.[1]

On September 10, 2009, a federal grand jury in the Eastern District of Texas returned a fifteen-count indictment charging Defendant with a violation of 18 U.S.C. §§ 1344 and 2 (Bank Fraud and Aiding and Abetting) and charging Defendant with fourteen violations of 18 U.S.C. §§ 1957 and 2 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity and Aiding and Abetting).

It is alleged that Defendant did knowingly execute and attempt to execute a scheme to defraud federally insured financial institutions, namely American Bank of Texas, American National Bank of Texas, Jefferson Bank, First Bank and Trust Company, Regions Bank, Unity Bank, Union Bank, and Legacy Texas Bank to obtain moneys, funds, credits, assets, securities and other property owned by and under the control of said financial institutions by means of materially false and

---

[1] Defendant offered two exhibits which provided updated census numbers for Dallas and Grayson Counties. Defendant offered no additional evidence. The Government offered one exhibit from a Dallas County civil case where Defendant requested transfer of venue to Collin County, Texas.

fraudulent pretenses, representations and promises. In the instant motion, Defendant argues that the Court should dismiss the indictment or in the alternative transfer this case to the Northern District of Texas pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure.

Defendant asserts the following arguments in his motion: (1) venue is improper in the Eastern District of Texas because the offense was not begun, continued, or completed in the Eastern District of Texas; and (2) venue, even if proper in the Eastern District of Texas, should be transferred to the Northern District of Texas because venue would be more convenient and more conducive to the prompt administration of justice. Having considered the relevant pleadings, the Court is of the opinion that Defendant's motion should be denied.

## MOTION TO DISMISS FOR IMPROPER VENUE

The Federal Rules of Criminal Procedure provide, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. 18 U.S.C. § 3237(a) provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237(a); *see also United States v. Solis*, 299 F.3d 420, 444-45 (5th Cir. 2002).

When considering a motion to dismiss, the Court considers all well-pleaded facts as true. *United States v. South Florida Asphalt Co.*, 329 F.2d 860, 865 (5th Cir. 1964); *United States v. Emilor*, No. 6:07-CR-1, 2008 WL 2152279 at *18 (E.D. Tex. May 21, 2008).

In his motion, Defendant argues that venue is improper in this district because all of the alleged activities occurred in the Northern District of Texas. However, at the hearing, Defendant conceded that venue could exist in the Eastern District of Texas. Moreover, Count One of the Indictment charges, "in the Eastern District of Texas and elsewhere, the defendant did knowingly execute and attempt to execute a scheme...to defraud ...American Bank of Texas....." Count Two of the Indictment has similar language. When evaluating a motion to dismiss the indictment, allegations contained in the indictment are taken to be true. *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975). Defendant has therefore been charged with committing bank fraud in the Eastern District of Texas, which is sufficient to provide venue in this district for the purposes of the Indictment. As the Fifth Circuit discussed in *Solis*, whether venue is ultimately proper in this district can be reconsidered in the context of a motion for judgment of acquittal. *See Solis*, 299 F.3d at 444-45.

In his motion, Defendant argues that venue is also improper in the Eastern District of Texas because the case against Defendant arises out of allegations of incidents occurring in Northern District of Texas. Defendant argues that the discovery in the case does not demonstrate anything that occurred in the Eastern District of Texas. The Government argues that venue is proper in this District as alleged in the indictment and in the discovery. The Government asserts that the discovery establishes that the Defendant committed fraud against American Bank of Texas, which is headquartered in Sherman, Texas, which is part of the Eastern District of Texas. The Government asserts that fifty percent of all fraudulently obtained loan proceeds occurred in the Eastern District of Texas.

After taking all well-pleaded facts in the indictment as true, and considering the arguments

made by the parties, the Court finds that venue is proper in the Eastern District of Texas. Defendant offered no evidence showing that the alleged offense was not "begun, continued, or completed" in this District. Therefore, the Court finds there are sufficient facts to find that the claims against Defendant are properly brought in the Eastern District of Texas and that Defendant's motion to dismiss should be denied.

## MOTION TO TRANSFER VENUE

Rule 21(b) of the Federal Rules of Criminal Procedure states that, "for the convenience of the parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to that defendant or any one or more of the counts thereof to another district." FED. R. CRIM. P. 21(b). The application of Rule 21(b) is a matter of discretion for the trial court. *See United States v. Fagan*, 821 F.2d 1002, 1008 (5th Cir. 1987); *United States v. Dickie*, 775 F.2d 607, 609 (5th Cir. 1985); *United States v. Walker*, 559 F.2d 365, 372 (5th Cir. 1977); *United States v. Boyer*, No. 4:08-CR-1DPJ-JCS, 2008 WL 4104482 at *1 (S.D. Miss. Aug. 28, 2008). In *Platt v. Minnesota Mining & Mfg. Co.*, the United States Supreme Court identified the following factors for a court to consider when ruling on a Rule 21(b) motion: "(1) the residence of an individual defendant; (2) the location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer." 376 U.S. 240, 243-44 (1964); *see also United States v. Morris*, 176 F. Supp. 2d 668, 671-72 (N.D. Tex. 2001). "The burden is on the defendant to show that transfer would serve the purpose of the rule but the defendant need not show

'truly compelling circumstances.'" *United States v. Coffee*, 113 F. Supp. 2d 751, 753 (E.D. Pa. 2000).

*Residence of Defendant*

While a defendant does not have a right to be tried in his home district, the *Platt* factors accord some weight to the location of the defendant's residence. *See In re United States*, 273 F.3d 380, 388 (3d Cir. 2001); *Walker*, 559 F.2d at 372; *see also United States v. Hinton*, 268 F. Supp. 728, 731 (E.D. La. 1967). Defendant argues that this factor supports transfer but fails to demonstrate how. The Government asserts that prior to his arrest, Defendant resided in the Eastern District of Texas. After his arrest and detention, Defendant is being held in the Fannin County Jail, which is also within the Eastern District of Texas. Defendant offers no argument to the contrary. Therefore, this factor weighs against transfer.

*Location of Witnesses*

"Under Rule 21(b), the district court is to consider the convenience of the witnesses as well as the convenience of the parties." *United States v. Pry*, 625 F.2d 689, 691 (5th Cir. 1980); *see also United States v. Morris*, 176 F. Supp. 2d 668, 671 (N.D. Tex. 2001). Generally, a defendant is required to give "specific examples of witnesses' testimony and their inability to testify because of the location of the trial." *United States v. Spy Factory, Inc.*, 951 F. Supp. 450, 456 (S.D.N.Y. 1997). "The court must rely on 'concrete demonstrations' of the proposed testimony." *United States v. Haley*, 504 F. Supp. 1124, 1126 (E.D. Pa. 1981). Defendant fails to identify a single witness who will be unable to testify at trial in the Eastern District of Texas. *Cf. Morris*, 176 F. Supp. 2d at 673 (indicating twenty-four witnesses as part of defense, most of whom reside outside the district). Defendant only mentions unspecified witnesses that will be inconvenienced by traveling to this

5

District from Dallas. Therefore, Defendant's blanket assertion regarding the location of witnesses is insufficient to prove that the location of the necessary and relevant witnesses compels a transfer to the Northern District of Texas. *See United States v. Noland*, 495 F.2d 529, 534 (5th Cir. 1974) (although defendant alleged out-of-state witnesses would be inconvenienced by a trial in Texas, he "failed to demonstrate facts from which the [Court] could have concluded that the convenience of the witnesses and the interest of justice required transfer"). Therefore, this factor is not in favor of transfer.

*Location of Events*

"This factor ensures that the trial is held near where the alleged criminal activity occurred, rather than in a district where venue has a more remote connection to the crime." *Coffee*, 113 F. Supp. 2d at 755-56. The Defendant argues that "based upon the discovery, all events are in the Northern District of Texas." [2] The Government refutes Defendant's argument that discovery demonstrates that most of the alleged activity occurred in the Northern District of Texas. The Government points out that approximately fifty percent of the fraudulently obtained loan proceeds were obtained in the Eastern District of Texas. The Court is of the opinion that this factor weighs against transfer.

*Location of Documents*

Defendant concedes that the majority of documents are located in this district. Thus, this factor weighs against transfer.

---

[2] Defendant argues that the "substantial contacts" test outlined in *United States v. Reed*, 773 F.2d 477, 480 (2nd Cir. 1985) is the deciding factor in a venue transfer case, but offers no Fifth Circuit authority for this proposition. The Court declines Defendant's request to adopt this standard. Instead, the Court considers the "location of events" as only one of several factors as discussed by the Supreme Court in *Platt*.

*Remaining Factors*

Defendant asserts that factors five through ten are not an issue in this case, and therefore does not address them. Counsel for the Defendant is located in Dallas. Counsel for the Government is located in this District. In addition, without regard to each district's docket conditions, a transfer to the Northern District of Texas would undoubtedly result in further delay. This case is set for trial in June 2010. Defendant argues that the Court should transfer this case to the Northern District of Texas because the Government participated in "forum shopping." The Government argues that there is nothing to indicate that the Government selected this District because it was hoping for more favorable conditions. As previously stated, this District is an appropriate venue for these charges. The case filed in this District is the first and only venue where these charges have been filed. Therefore, this factor weighs against transfer.

*Conclusion*

Based on the factors at issue, the Court finds that there is no viable reason for transferring this case to the Northern District of Texas, considering there is minimal inconvenience to the defendant, his witnesses, and attorneys, if any, by retaining the case in the Eastern District of Texas. Accordingly, the Court recommends that Defendant's motion be DENIED.

**CROSS SECTION ARGUMENT**

Defendant asserts that there is a necessity of a transfer of venue in terms of his alleged inability to be tried by jury selected from a fair cross section of the community. Defendant's argument is based upon the Fifth and Sixth Amendments of the United States Constitution, *Taylor*

*v. Louisiana*, 419 U.S. 522, 527 (1975), and the Jury Selection and Service Act, 28 U.S.C. § 1861[3].

Although Defendant does not cite the Court to Federal Rule of Criminal Procedure 21(a), this rule would serve as the basis for this request for venue transfer.

Rule 21(a) of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). "This rule vests substantial discretion in the district court as to the granting or denying of such a motion ...." *United States v. Parker*, 877 F.2d 327, 330 (5th Cir. 1989); *see also United States v. Harrelson*, 754 F.2d 1153, 1159 (5th Cir.1985).

Defendant argues that the Northern District of Texas and the Eastern District of Texas select their jurors in different ways. The Northern District of Texas selects jurors from voter registration and driver's license rolls, compared to the Eastern District of Texas, which selects jurors only from voter registration rolls. Defendant argues that the Northern District of Texas's use of driver's licenses increases minority participation. Defendant contends that he is more likely to have a white jury in the Eastern District of Texas than he would have in the Northern District of Texas.

Defendant relies upon *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975) to support his position. In *Taylor*, the Supreme Court held:

> We accept the fair-cross-section requirement as fundamental to the jury trial

---

[3] 28 U.S.C. § 1861 provides as follows:
It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes. It is further the policy of the United States that all citizens shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States, and shall have an obligation to serve as jurors when summoned for that purpose.

guaranteed by the Sixth Amendment and are convinced that the requirement has solid foundation. The purpose of a jury is to guard against the exercise of arbitrary power-to make available the commonsense judgment of the community as a hedge against the overzealous or mistaken prosecutor and in preference to the professional or perhaps overconditioned or biased response of a judge. This prophylactic vehicle is not provided if the jury pool is made up of only special segments of the populace or if large, distinctive groups are excluded from the pool. Community participation in the administration of the criminal law, moreover, is not only consistent with our democratic heritage but is also critical to public confidence in the fairness of the criminal justice system. Restricting jury service to only special groups or excluding identifiable segments playing major roles in the community cannot be squared with the constitutional concept of jury trial. 'Trial by jury presupposes a jury drawn from a pool broadly representative of the community as well as impartial in a specific case. . . . (T)he broad representative character of the jury should be maintained, partly as assurance of a diffused impartiality and partly because sharing in the administration of justice is a phase of civic responsibility.'

*Taylor*, 419 U.S. at 530-31 (citations omitted).

To establish a prima facie violation of the fair-cross-section requirement, the Supreme Court requires that a defendant must prove that: (1) a group qualifying as "distinctive" (2) is not fairly and reasonably represented in jury venires, and (3) "systematic exclusion" in the jury-selection process accounts for the underrepresentation. *Berghuis v. Smith*, 130 S.Ct. 1382, 1392 (2010) (citing *Duren v. Missouri,* 99 S.Ct. 664 (1979)).

Defendant's argument is misplaced and inapplicable to this case for purposes of a motion to transfer venue. The issue in *Taylor* was the constitutionality of provisions of the Louisiana Constitution and Louisiana Code of Criminal Procedure, which excluded a woman from jury service under certain circumstances. The Fifth Circuit recently addressed *Taylor* and found:

Instead, Hearn complains that the low daily fee paid to jurors by Dallas County results in the under representation of three groups, which are distinguished based on their ethnicity, age, and income. The Supreme Court held that "venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." In *Taylor*, there was clear evidence of a systematic effort to exclude women, but there is no such evidence here.

9

> Louisiana explicitly designed its system to exclude women, but the under representation Hearn complains of is an indirect consequence of the low daily fee paid to jurors in Dallas County. Defendants are not entitled to a jury, jury wheel, pool of names, panel, or venire of any particular composition, and there is no requirement that those bodies "mirror the community and reflect the various distinctive groups in the population." For this reason, the under representation alleged by Hearn is not unconstitutional. (citations omitted).

*Hearn v. Cockrell*, No. 02-10913, 2003 WL 21756441 *5-6 (5th Cir. June 23, 2003). In this case, the jury pool in the Eastern District of Texas is representative of the communities from which it is drawn. Defendant offered no evidence that he will not receive a fair cross section of jurors from the Eastern District of Texas, Sherman Division. Defendant has failed to demonstrate to the Court how there is a fair-cross-section violation. Moreover, Defendant is a resident of the Eastern District of Texas. Defendant has not made a substantial showing of the denial of a constitutional right that would require transfer.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Dismiss or Transfer Based Upon Venue (Dkt. #47) should be DENIED.

By agreement of the parties, within five (5) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within five days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th

Cir. 1988).

**SIGNED this 27th day of May, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE